IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ATROPIN PALMER,** | **CASE NO. 2:08-cv-726** |
| | **JUDGE FROST** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **MICHELLE EBERLIN, Warden,** | |
| Respondent. | |

### ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons that follow, petitioner's request for a stay, Doc. No. 2, is **DENIED**. Respondent is **DIRECTED** to file a response to the petition that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court within twenty (20) days of the date of this Order.

In this habeas corpus petition, petitioner challenges his convictions after a jury trial in the Jefferson County Court of Common Pleas on charges of aggravated burglary, escape, aggravated menacing, assault, carrying a concealed weapon, falsification, and resisting arrest. *See Petition; State v. Palmer*, 2006 WL 3892626 (Ohio App. 7th Dist. February 17, 2006). On February 17, 2006, the Seventh District Court of Appeals affirmed petitioner's convictions, but vacated petitioner's sentence and remanded the case for re-sentencing. *See id.* The Ohio Supreme Court denied petitioner's motion for delayed appeal. *State v. Palmer*, 111 Ohio St.3d 1408 (October 4, 2006). Pursuant to the remand, the trial court re-sentenced

petitioner to an aggregate term of ten years incarceration. *See State v. Palmer*, 2007 WL 969423 (Ohio App. 7th Dist. March 27, 2007). On March 27, 2007, the appellate court affirmed petitioner's sentence. *Id.* The Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Palmer*, 115 Ohio St.3d 1410 (September 26, 2007). Petitioner pursued post conviction relief. On August 18, 2005, the trial court denied petitioner's post conviction petition. *See State v. Palmer*, 2006 WL 2573710 (Ohio App. 7th Dist. August 31, 2006). On August 31, 2006, the appellate court affirmed the trial court's judgment.[1]  *Id.*

---

[1] The appellate court quoted the claims raised in petitioner's post conviction petition as follows:

> "not that it was a problem subpoen [sic] Ms.Amber Hood, it's the investigations of counsel and the effective assistance of reasonable ness [sic]."
>
> "medical personnel was call to the resident; said medical personnel could have provided, had counsel made some reasonable investigation, to the police reports or these persons under reasonableness effective assistance of counsel."
>
> "counsel with holding [sic] of exculpatory evidence.The evidence was a cassette recording that counsel had in her personal control and the significant of the information and testimony of the cassette recording, had counsel submit as evidence. Counsel disclosed this significant information regarding the alleged crime."
>
> "the trial court error, when its decision was this was a unidentified person.When petitioner, Palmer made these allegation knowed [sic] in the postconviction to the court about his attorney was appointed by the court themselves [sic] for representation of him, now Mr. Palmer has realized the (tape recording counsel had could have provening [sic] his innocences [sic] ), this merely facts alleged current, was a possibility to called in questions his counsel performance and the 'Truth' to Mr. Palmer claim counsel conduct and action and representational."

*State v. Palmer, supra*, 2573710.

The Ohio Supreme Court denied petitioner's subsequent appeal.

According to the petition, on May 20, 2008, petitioner filed a second post conviction petition, which action is now pending in the Ohio Court of Appeals, and in which petitioner asserts that the trial court lacked jurisdiction due to a defective indictment. *Petition*, at 4; *Motion for Stay*, Doc. No. 2. Petitioner also indicates that, on June 25, 2008, he filed a post conviction petition based upon allegedly newly discovered evidence, *i.e.,* an affidavit from alleged victim Amber Hood recanting her allegations against petitioner, which action remains pending in the state trial court. Petitioner requests a stay of proceedings pending exhaustion of these claims now pending in state court post conviction proceedings. *Motion for Stay,* Doc. No. 2; *see also* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).

Where the statute of limitations may bar a petitioner from re-filing his habeas corpus petition upon exhaustion of state court remedies, a stay of proceedings may be appropriate where petitioner can establish good cause for failing to exhaust state court remedies and where unexhausted claims are not plainly without merit. *Rhines v. Weber*, 544 U.S. 269 (2005).

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of

statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

4

>On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id.*, at 277-278. Here, the record fails to indicate either that petitioner can establish good cause for his failure to exhaust state court remedies or that his unexhausted claims are potentially meritorious. *See id.* Therefore, petitioner's request for a stay is **DENIED**.

Further, it is ordered that respondent shall, within twenty (20) days of the date of this Order, make a return to the petition for a writ of habeas corpus which contains all of the information required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court and which attaches all of the materials required by that rule. It shall also present respondent's arguments as to why the writ should not be granted and whether

an evidentiary hearing is needed under the criteria set forth in 28 U.S.C. §2254 (e)(2).

Petitioner may file a reply within fifteen days (15) thereafter.

It is **FURTHER ORDERED** that the Clerk of this Court serve a copy of the petition and this Order by mail on the respondent and on the Habeas Corpus Unit, Corrections Litigation Section, Office of the Attorney General, 150 East Gay Street, 16th floor, Columbus, Ohio 43215.

**IT IS SO ORDERED**.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge