# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ATROPIN PALMER,**   CASE NO. 2:08-cv-726

    **Petitioner,**

                                 **JUDGE FROST**

**v.**

**MICHELLE EBERLIN, Warden,**

    **Respondent.**

## OPINION AND ORDER

On February 1, 2010, the Magistrate Judge issued an *Order and Report and Recommendation* denying petitioner's request for discovery, an evidentiary hearing, a free copy of his trial transcripts, verification and certification of his amended traverse, and his request for counsel, and recommending that the instant petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. §2254, be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In his lengthy objections and supplemental objections, *see* Doc. Nos. 56, 64, petitioner objects to all of the Magistrate Judge's recommendations and conclusions, and raises all of the same arguments he previously presented. He has attached exhibits (which appear already to have been made a part of the record) to his objections. See Doc. No. 56.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims one, three through eight and eleven as procedurally defaulted. As cause for these

procedural defaults, petitioner asserts denial of the ineffective assistance of trial and appellate counsel. This objection has no basis in law.

As the Court of Appeals has stated,

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Petitioner's *pro se* status or any "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir.2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995).

It is true that the constitutionally ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of counsel cannot constitute cause if there was no constitutional right to effective counsel in the proceeding in question. The Court of Appeals has held that there is no right to counsel in direct appeal to the Ohio Supreme Court. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir.2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)("[T]he right to counsel extends to the first appeal of right, and no further."); *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005). Thus, any failure by petitioner's trial or appellate counsel to advise him of the time limits and procedures for

2

filing post conviction actions or appeals to the Ohio Supreme Court - which is the failure upon which petitioner relies - does not constitute cause for petitioner's procedural defaults. *See Smith v. Ohio Department of Rehabilitation and Correction*, 331 F.Supp.2d 605, 618 (N.D. Ohio 2004)(counsel's failure to provide timely notification of appellate court's decision rejecting his claims did not constitute cause for procedural default in failing to file a timely appeal to the Ohio Supreme Court)(citations omitted); *Barkley v. Konteh*, 240 F.Supp.2d 708, 713-14 (N.D. Ohio 2002)(same); *Shabazz v. Ohio*, 149 F.3d 1184, unpublished, 1998 WL 384559 (6th Cir. June 18, 1998)(no cause for procedural default where attorney waited over one year to file the notice of appeal)(citations omitted).[1]

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claims two, nine, ten, twelve and thirteen on the merits. He argues at length that he was convicted on the basis of false testimony and insufficient testimony, contends that the trial court unconstitutionally imposed consecutive sentences, and argues that errors in post conviction proceedings are properly addressed in these habeas corpus proceedings.

---

[1] In *Paris v. Turner*, 187 F.3d 637, unpublished, 1999 WL 357815 (6th Cir. May 26, 1999), the Sixth Circuit held that petitioner established cause for his four-year delay in filing an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) where appellate counsel waited four months before advising petitioner that his appeal had been denied, and the public defender then waited three years before filing a delayed appeal on petitioner's behalf. However, at the time that decision was rendered, a Rule 26(B) motion was arguably perceived as an appeal as of right. Indeed, the Court of Appeals subsequently concluded that it was. *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000). However, the Sixth Circuit now takes the position that Ohio's Rule 26(B) proceeding is not part of the direct appeal process. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)( en banc )(overruling *White v. Schotten* ). Thus, this Court is not bound by the unpublished decision in *Paris v. Turner*.

3

Petitioner also again requests a copy of his state trial transcripts free of cost.

The equal protection component of claim two, dealing with petitioner's sentence, was never presented to the state courts. The Report and Recommendation correctly concluded that it cannot be presented for the first time in a federal habeas corpus petition. *See Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989). With respect to the other issues raised in claims two and nine, all of which relate to the sentence imposed on petitioner after remand, the Court also rejects, as have many other courts, the notion that the application of *State v. Foster*, 109 Ohio St. 3d 1 (2006) to his case violated the Ex Post Facto clause of the United States Constitution. *See, e.g., Dickens v. Brunsman*, 2009 WL 3199066 (S.D. Ohio September 29, 2009) (collecting cases). Further, the Court agrees with the Report and Recommendation that the state courts' disposition of the claim that petitioner's counsel was ineffective at sentencing for failing to argue mitigating factors was not an unreasonable application of federal constitutional principles. As more fully detailed in the Report and Recommendation, the state court found from the record that counsel did argue various mitigating factors, that he knew the facts of the case, and that he prepared for the sentencing hearing. Petitioner has offered nothing in the way of either evidence or argument, in any of his lengthy filings, to suggest that the state court's factual findings on this issue were incorrect. In the absence of clear and convincing evidence to the contrary, this Court must accept those findings. 28 U.S.C. §2254(e)(1). Thus, these claims lack merit.

Claim ten merits little discussion. In that claim, petitioner contends that his trial

counsel was ineffective for failing to obtain or present exculpatory evidence. Any on-the-record claims in this regard were procedurally defaulted. The rest of this claim was reasonably disposed of by the state court based on its factual findings, presumed to be correct here, that counsel could not have reasonably concluded, based on the record as it stood at the time of trial, that any of this evidence would have helped petitioner's case. Finally, as the Report and Recommendation correctly notes, claim twelve, asserting error in the state court's denial of a post-conviction petition, is not an error cognizable in federal habeas corpus because it presents no federal constitutional issue, and claim thirteen lacks merit. Petitioner has not shown that there were any non-frivolous issues which could have been raised in the appeal from his resentencing.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge