IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ATROPIN PALMER,**            **CASE NO. 2:08-cv-726**
                                              **JUDGE FROST**
     **Petitioner,**                  **MAGISTRATE JUDGE KEMP**

**v.**

**MICHELLE EBERLIN, Warden,**

     **Respondent.**

## OPINION AND ORDER

On June 11, 2010, the Court denied Petitioner's motion for a certificate of appealability. (Doc. # 73.) On that same date, Petitioner filed a request to proceed *in forma pauperis* on appeal and motion for the appointment of counsel. (Docs. # 71, 72.) For the reasons that follow, the Court **DENIES** Petitioner's requests. (Docs. # 71, 72.)

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is

> frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

*Frazier v. Hesson*, 40 F.Supp.2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D.Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

*Penny v. Booker*, No. 05-70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006). The Court certifies pursuant to 28 § U.S.C. 1915 that the appeal is not in good faith. Therefore, This Court **DENIES** Petitioner's request to proceed *in forma pauperis* on appeal. (Doc. # 71.)

The Court also **DENIES** Petitioner's request for the appointment of counsel. (Doc. # 72.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge